IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:18-CR-118-WKW |
| | ) | [WO] |
| RICKY LADON SMITH | ) | |

# **ORDER**

Before the court are the Government's First, Second, and Third Motions *in Limine*. The Government moves to exclude references to evidence of Defendant Ricky Ladon Smith's good conduct (Doc. # 22), to exclude references to potential punishment that could be imposed upon conviction (Doc. # 23), and to exclude references to the Government's failure to call equally available witnesses (Doc. # 24). Mr. Smith did not file a response to any of these motions.

Motions *in limine* are not favored under the law. "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 U.S. Dist. LEXIS 7213, at *3 (M.D. Ala. Feb. 20, 2001). "[I]t is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there. Thus, the motion in limine is an effective approach only if the evidence at issue is clearly inadmissible." *Id.* at *2–3 (internal citations omitted); *see also Murphy v. Precise*, No. 1:16-cv-143, 2017 U.S. Dist. LEXIS 197798, at *3 (M.D. Ala. Dec. 1, 2017) (quoting *Bowden* on this point).

## I. THE GOVERNMENT'S FIRST MOTION IN LIMINE

The Government moves to exclude reference to "evidence of, or reference to, the defendant's general good character and specific instances of good conduct, including but not limited to, evidence of awards, commendations, recognition, or good acts." (Doc. # 22.)

The Government correctly notes in its motion that evidence of a defendant's character is generally inadmissible to prove that he or she acted in accordance with that character. Fed. R. Evid. 404(a)(1). "Evidence of good conduct," generally speaking, "is not admissible to negate criminal intent." *United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (holding that evidence that a defendant had conducted some legitimate business activities was not admissible to show that she did not defraud some of her investors); *United States v. Camejo*, 929 F.2d 610, 612–613 (11th Cir. 1991) (holding that evidence that a defendant refused to join one drug ring was not admissible to show that he did not sell drugs on his own).

However, a criminal defendant may introduce evidence of his own "pertinent" character trait. Fed. R. Evid. 404(a)(2)(A); *see United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. Unit A Jan. 1981) (defining "pertinent" as "relevant"). This rule permits admission of "evidence of character for obedience to law." *Hewitt*, 634 F.2d at 280; *see id.* at 278 (holding that it was error in an unlawful-possession-or-receipt-of-a-firearm case to exclude evidence of a defendant's character as a law-abiding citizen); *United States v. Darland*, 626 F.2d 1235, 1237 (5th Cir. 1980) (holding that

the defendant's "reputation for honesty, for integrity, as a law-abiding citizen" was relevant in a robbery case).

The Government's motion does not specifically identify any good character evidence that it expects Mr. Smith to offer. In the abstract, all such evidence is not "clearly inadmissible." *See Bowden*, 2001 U.S. Dist. LEXIS 7213, at *3. Therefore, ruling will be reserved on whether such evidence relates to a pertinent trait until it is offered at trial, so the Government's First Motion *in Limine* will be denied.

## II.  THE GOVERNMENT'S SECOND MOTION IN LIMINE

The Government additionally moves to "exclude all direct or indirect reference to, or evidence of, the sentence that might be imposed if Smith is convicted of the offenses charged, or other collateral consequences of conviction." (Doc. # 23.) This motion is due to be granted because "[t]he jury's role is to determine guilt or innocence, and it should reach its verdict without regard to the potential sentence imposed." *United States v. Bergman*, 852 F.3d 1046, 1073 (11th Cir. 2017). "Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon v. United States*, 512 U.S. 573, 579 (1994). Referencing potential punishment is an implicit jury nullification argument, *United States v. Johnson*, 62 F.3d 849, 850–51 (6th Cir. 1995), and defense counsel cannot encourage nullification, *United States v.*

*Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983); *see United States v. Roberts*, 215 F. App'x 842, 847 (11th Cir. 2007) (per curiam). Thus, the Government's Second Motion *in Limine* will be granted.

### III. THE GOVERNMENT'S THIRD MOTION IN LIMINE

In the Government's Third Motion *in Limine*, it moves "to prohibit reference to the government's failure to call equally available witnesses." (Doc. # 24.)

If a witness is "equally available" to both the Government and a defendant, then "no unfavorable inference against the government could be drawn from its failure to call [the] witness." *Luttrell v. United States*, 320 F.2d 462, 465 (5th Cir. 1963); *see United States v. Chapman*, 435 F.2d 1245, 1247 (5th Cir. 1970) ("The long-standing rule in this circuit is that any inference from a party's failure to call a certain witness equally available to both parties is impermissible."). On the other hand, "[w]hen a witness is peculiarly within the control of one party, and the witness' testimony would elucidate facts in issue, an instruction is appropriate regarding the permissible inference which the jury may draw from the party's failure to call the witness." *United States v. Nahoom*, 791 F.2d 841, 846 (11th Cir. 1986); *see also United States v. Richard*, 678 F. App'x 927, 941 (11th Cir. 2017) (discussing this rule).

The Government assures the court that all potential witnesses in this case are available to both sides, and Mr. Smith has not contradicted that assertion. The Government's Third Motion *in Limine* will be granted.

## IV.  CONCLUSION

Based upon careful consideration of the Government's motions and burden, it is ORDERED that the Government's First Motion *in Limine* (Doc. # 22) is DENIED and that the Government's Second (Doc. # 23) and Third (Doc. # 24) Motions *in Limine* are GRANTED.

DONE this 10th day of September, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE